# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Andrea M. Wike, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Case No. _____ |
| Douglas County, | § | |
| Diane Battiato (individual capacity), | § | |
| Liliana E. Shannon (individual capacity) | § | |
| SouthLaw, P.C. | § | |
| Defendants. | § | |

## EXHIBIT LIST

Plaintiffs' Complaint ........................................................................................................1

Praecipe Summons (Civil) Douglas County .......................................................................2

Praecipe Summons (Civil) Diane Battiato..........................................................................3

Praecipe Summons (Civil) SouthLaw, P.C. ........................................................................4

Praecipe Summons (Civil) Liliana E. Shannon ..................................................................5

Summons (Civil) Douglas County.......................................................................................6

Summons (Civil) Diane Battiato..........................................................................................7

Summons (Civil) Liliana E. Shannon ..................................................................................8

Summons (Civil) SouthLaw, P.C. ........................................................................................9

Service Return Douglas County.........................................................................................10

Service Return Diane Battiato ...........................................................................................11

Service Return Liliana E. Shannon....................................................................................12

Service Return SouthLaw, P.C. ..........................................................................................13

Civil cover sheet ................................................................................................................14

# EXHIBIT 1

## AT THE FOURTH JUDICIAL DISTRICT COURT OF NEBRASKA

| | |
|---|---|
| Andrea M. Wike, | No. CI 23-6290 |
| *Plaintiff,* | |
| v. | (verified) Trial by Jury DEMANDED |
| DOUGLAS COUNTY, | |
| Diane Battiato, (individual capacity;) | |
| Liliana E. Shannon, (individual capacity;) | |
| SOUTHLAW, P.C., | |
| *Defendant(s).* | |

#9   **FILED**
District Court
DOUGLAS COUNTY, NEBRASKA

AUG 0 8 2023

CLERK DISTRICT COURT

## I.   PLAINTIFF'S GRIEVANCE

Here comes aggrieved, Andrea M. Wike, as one of the sovereign people of the union state of

Nebraska, hereinafter referred to as the "Plaintiff." Plaintiff is seeking help from this Court under

Title 42 U.S.C. § 1983, to protect Plaintiff's right and to correct the wrongs inflicted upon

Plaintiff by the named Defendants. This case arises from the **error** of private property – not for

commerce-use – **misidentified**, classified and maintained on the public record in the DOUGLAS

COUNTY register of deeds office as statutorily-defined "real property" and "real estate," subject

to mortgage and therefore foreclosure. The trespass continued after providing notification for the

error and removal or, in the alternative, demand for correction. Whereas the trespass continues

today, as Plaintiff's private property is presently again unlawfully listed on the "public auction"

for unjust enrichment. The subsequent failure to remove or correct the record allows and causes

financial, mental and emotional harm. Wherefore Plaintiff sues DOUGLAS COUNTY, Diane

Battiato, SouthLaw, P.C., and Liliana E. Shannon, for damages and states in support:



002601575D01

## II.   JURISDICTION AND VENUE

1. This is an action for money damages in excess of $57,000.

2. Defendants are residents or are doing business or have a principal place of business in this State of Nebraska.

3. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Douglas County, Nebraska.

4. Pursuant to Neb. Rev. Stat. 24-302, the district court shall have general jurisdiction in all civil matters.

5. This Court has jurisdiction.

## III. PARTIES

6. At all times material to this lawsuit, Andrea M. Wike (hereinafter Plaintiff) is in lawful pursuit of happiness.

7. At all times material to this lawsuit, Diane Battiato (hereinafter Defendant Diane) is a DOUGLAS COUNTY resident who acted as both Assessor and Register of Deeds of Douglas County.

8. At all times material to this lawsuit, DOUGLAS COUNTY (hereinafter Defendant County) is a political subdivision of the STATE OF NEBRASKA.

9. At all times material to this lawsuit, SOUTHLAW, P.C., (hereinafter Defendant SouthLaw) sometimes acts as a law firm, and is registered to do business as a foreign corporation in the State of Nebraska.

10. At all times material to this lawsuit, Liliana E. Shannon, (hereinafter Defendant Liliana, Nebraska State Bar Association (NSBA) #22854) sometimes works at SOUTHLAW, P.C., sometimes acts as a state actor, under a state-granted certificate, and is admitted to practice law in the State of Nebraska from the Nebraska Supreme Court.

## IV. FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

"The right to be let alone the most comprehensive of rights and the right most valued by civilized men. To protect that right, every unjustifiable intrusion by the government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment." **Olmstead v. U.S., 277 U.S. 438, 478 (1928)**.

11. At all times relevant Plaintiff is peaceably exercising Plaintiff's God-given, constitutionally-protected unalienable right to own, use, protect and dispose of private property as "shelter" (hereinafter Subject Property).

12. At all times relevant there is no legal or lawful relationship between the Plaintiff and Defendants.

13. Plaintiff is entitled to relief as a matter of law because Defendant(s) did violate STATE and federal laws by misidentifying and classifying private property as statutory "real property" and "real estate" subject to "lien" and therefore foreclosure.

14. Plaintiffs' rights protected under the Fourth Amendment are enforceable under 42 U.S.C. § 1983.

15. The record does not reflect that the Subject Property is used for the pecuniary purpose of revenue "in this state" funded by or for the purpose of taxation.

16. The record does not reflect that the Subject Property is statutorily organized "in or within the state" of Nebraska according to the definition **Neb. Rev. Stat. § 77-2701.17**: "In this state or within the state means within the exterior limits of the State of Nebraska and includes all the territory within these limits **owned by or ceded to the United States of America.**" [emphasis added]

17. Plaintiff received a legal determination from the office of Jim Pillen, acting Governor of the State of Nebraska, that there are no records responsive to Plaintiff's request of proof that Subject Property is "in this state," (of which said office is designated to make such legal determination).

18. Since the Subject Property is not statutorily organized "in this state" it cannot be situated in its political subdivision of DOUGLAS COUNTY.

19. The record does not reflect that there is a legal determination that Subject Property is statutory "real property" or "real estate" as there is no evidence of sales receipts, tax returns, and a registered business for the purpose of "revenue" in this state at the Subject Property.

### V. FACTS RELEVANT TO DOUGLAS COUNTY

20. An undated letter was received by Plaintiff sometime around December 2021 referring to "REAL PROPERTY TAX STATEMENT ENCLOSED" ("Tax Letter") via mail, allegedly related to the Subject Property, from the DOUGLAS COUNTY TREASURER.

21. Since the subject matter of the Tax Letter is "taxes" applied to "real property," and "real estate" the tax statutes require property must be used for the pecuniary purpose of revenue to be subjected to the statutes.

22. Since the Tax Letter is from Defendant COUNTY, the only "real property" the county shall have interest in and taxation power over is that which is necessary for the use of, has interest in and owned by the county pursuant to Nebraska Revised Statutes, (Neb. Rev. Stat.) 23-104, 23-104.02, and 23-105.

23. The only property the county could be concerned about is real and personal *property necessary for the use of the county* pursuant to Neb. Rev. Stat. 23-104 (1), pursuant to Neb. Rev. Stat. 23-348.01 (see Exhibit A) and property for "revenue" purposes.

24. The only "taxable property," is defined under Nebraska Revised Statutes, (Neb. Rev. Stat.) sections 76 and 77, regulated by the **Nebraska Department of Revenue**: [emphasis added]

   a. **77-121** "Taxable property shall mean any real or tangible personal property subject to tax pursuant to law and not exempt from tax."

   b. **76-101** "As used in sections 76-101 to 76-123 and unless a different meaning appears from the context: (a) The term 'property' means one or more *interests* either legal or equitable, possessory or nonpossessory, present or future, in land, or in things other than land, including choses in action, but excluding powers of appointment, powers of sale and powers of revocation, except when specifically mentioned;" and

   c. **76-102** "The provisions of sections 76-101 to 76-123 **apply to corporations** unless the context indicates a *more limited* applicability."

   d. **77-103** "**Real property** shall mean: (1) All land; (2) All buildings, improvements, and fixtures, except trade fixtures; (3) All electric generation, transmission,

distribution, and street lighting structures or facilities owned by a political

subdivision of the state; (4) Mobile homes, cabin trailers, and similar property, not

registered for highway use, which are used, or designed to be used, for residential,

office, commercial, agricultural, or other similar purposes, but not including

mobile homes, cabin trailers, and similar property when unoccupied and held for

sale by persons engaged in the business of selling such property when such

property is at the location of the business; (5) Mines, minerals, quarries, mineral

springs and wells, oil and gas wells, overriding royalty interests, and production

payments with respect to oil or gas leases; and (6) All privileges pertaining to real

property described in subdivisions (1) through (5) of this section."

e. **76-201** "**Real estate**, defined. For purposes of sections 76-201 to 76-281 and

76-2,126, the term real estate shall be construed as coextensive in meaning with

lands, tenements, and hereditaments, and as embracing all **chattels real**, **except**

**leases for a term not exceeding one year.**" Whereas this definition of real estate

is referring to the papers aka chattels real like leases/deeds/notes related to

statutorily-defined "real property."

25. The record does not reflect that the Subject Property qualifies as statutorily-defined

taxable REAL PROPERTY, and since it is not owned by the county or used for the

DEPARTMENT OF REVENUE purposes, it is not in the oversight of their business.

26. The record does not reflect that the Plaintiff qualifies as a TAXPAYER with an

applicable situs, pursuant to **Neb. Rev. Stat. 77-125**; "Tax situs means the tax district

wherein *taxable* **real property** is located or taxable tangible personal property is located

for fifty percent or more of the calendar year. Taxable tangible personal property **of a business** shall be assessed at the *location of the business* …"

27. Whereas TAXPAYER is defined **Neb. Rev. Stat. 77-1024** " **Taxpayer means any person subject to sales and use taxes under the Nebraska Revenue Act of 1967** and subject to withholding under section 77-2753 and any **corporation, partnership, limited liability company, cooperative, including a cooperative** exempt under section **521 of the Internal Revenue Code of 1986**, as amended, limited cooperative association, or joint venture that is or would otherwise be a member of the same unitary group, if incorporated, that is subject to such sales and use taxes or such withholding."

28. Whereas TAXPAYER is defined **Neb. Rev. Stat. 77-6822**; "Taxpayer means any **person** subject to sales and use taxes under the Nebraska Revenue Act of 1967 and subject to withholding under section 77-2753 **and any entity** that is or would otherwise be a member of the same unitary group, if incorporated, that is subject to such sales and use taxes and such withholding."

29. Whereas PERSON is defined **Neb. Rev. Stat. 77-113** "The word person includes any number of persons and any **partnership, limited liability company, association, joint-stock company, corporation,** *or other entity* that may be the owner of property."

30. Whereas PERSON is defined **Neb. Rev. Stat. 77-2701.25** "Person means any individual, firm, partnership, limited liability company, joint venture, association, social club, fraternal organization, corporation, estate, trust, business trust, receiver, trustee, syndicate, cooperative, assignee, **or other group or combination acting as a unit.** *Person also means the United States or any agency of the United States, this state or*

*any agency of this state*, or any city, county, district, or other political subdivision of this state or any agency thereof."

31. There has never been a legal determination made by a court or agency of competent jurisdiction that the Plaintiff is a TAXPAYER and PERSON operating a corporation, business, trust or other entity using the Subject Property.

32. Pursuant to the legislative intent, the existence of the statute is not what automatically makes property subject to taxation but, the use of it for revenue purposes.

33. The Nebraska Uniform Property Act codified at Nebraska Revised Statutes (Neb. Rev. Stat.) Chapter 76 - REAL PROPERTY declares its "**applicability to corporations.**"

34. Referring to the **REISSUE REVISED STATUTES OF NEBRASKA, 2018** ("R.R.S.2018") Constitutional provisions of Nebraska Revised Statutes Chapter 76 - REAL PROPERTY are stated as follows:

   A. Agricultural lands, corporate and syndicate ownership prohibited, see Article XII, section 8, Constitution of Nebraska.

   B. Appropriation of, compensation necessary, see Article I, section 21, Constitution of Nebraska.

   C. Corporations, eminent domain, no abridgement, see Article X, section 6, Constitution of Nebraska.

   D. Rights of ownership in real property, citizens of United States, discrimination forbidden, see Article I, section 25, Constitution of Nebraska.

E.  School lands, **sale only at auction**, see Article VII, section 6, Constitution of
Nebraska. [emphasis added]

35. Pursuant to Nebraska Statutes, the only "real property" subject to tax is that which is used
for revenue purposes under the Nebraska Revenue Act of 1967 ("The Act"). The Act
references the Internal Revenue code of 1986, codified as Title 26 U.S. Code Title 26,
Internal Revenue; Part 1 **- INCOME TAXES, Tax on Corporations** – the definition of
real property for purposes of income tax: **26 CFR § 1.856-10  "(a)** *In general.* This
section provides definitions for purposes of part II, subchapter M, chapter 1 of the
Internal Revenue Code."  **Definition of real property. (b) Real property.** "The term *real*
*property* means land and improvements to land. **Local law definitions are not**
**controlling for purposes of determining the meaning of the term real property."**
[emphasis added]

36. Pursuant to 12 U.S.C. § 632, the term "property" includes gold, silver, currency, credits,
deposits, securities, choses in action, and any other form of property, the proceeds
thereof, and any right, title, or interest therein.

37. There is no section of the TAX code that specifies a tax on non-corporate, non-income
producing or non-revenue related property, such as the Subject Property, due to not being
ejusdem generis.

38. Defendant's actions constitute a forgery, unlawful conversion, unlawful taking, invasion
of privacy, and abuse of process/official misconduct that causes Plaintiff damages which
entitles Plaintiff to relief.

## VI. FACTS RELATED TO DEFENDANT DIANE

39. When Plaintiff realized her property was not statutorily required or qualified to be on the county tax roll, she sent the notice, "Notice of Error; Removal of Private Property from Public Record" (Removal Notice) dated March 21, 2022, via certified mail (7020 2450 0001 1523 2929) to Defendant Diane, then acting as register of deeds/assessor.

40. Defendant Diane failed to correct the error on the public record by removing the Subject Property after she received Plaintiff's notice on March 24, 2022.

41. On June 13, 2022, Plaintiff visited the DOUGLAS COUNTY Register of Deeds office and hand delivered another Removal Notice to Defendant Diane.

42. On June 23, 2023, Defendant Diane confirmed in an email sent to Plaintiff that Plaintiff's property is not "income producing."

43. Defendant Diane's failure to act after being made knowing of the error of Plaintiff's private use property on the public business tax roll violated Plaintiff's right to privacy, protected by the Fourth Article of the Bill of Rights.

44. This trespass caused the damage of defamation, mental distress, emotional distress, and financial harm.

45. Diane is required to correct errors pursuant to Neb. Rev. Stat. 77-1311 "The county assessor shall have general supervision over and direction of the assessment of all property in his or her county. In addition to the other duties provided by law, the county assessor shall:

    (1) Annually revise the real property assessment for the correction of errors;..

(4) Examine the records in the office of the register of deeds and county clerk for the purpose of ascertaining whether the property described in producing mineral leases, contracts, and bills of sale, have been fully and correctly listed.."

46. Diane is required to perform pursuant to Neb. Rev. Stat. 84-1201, Records Management Act (RMA), "(2) Records containing information essential... to the protection of the rights and interests of persons, must be safeguarded,.. And "(4) There must be public accountability in the process of collecting, sharing, disseminating, and accessing public records;";

47. Pursuant to the Federal Privacy Act of 1974, (2020 Edition), "Agencies must take "reasonable" steps to meet the "accuracy, relevance, timeliness, and completeness" standard, including but not limited to, correcting erroneous facts."

48. When Defendant Diane did not remove Subject Property from the public record, Plaintiff sent a notice to Defendant Diane for recording to correct the record on the Subject Property.

49. A notice for recording to correct the error on the record was sent on June 28, 2022 and was received by Defendant Diane, but was not recorded.

50. Defendant Diane failed to record the notice Plaintiff sent for recording, pursuant to Neb. Rev. Stat. 76-271.

51. Defendant Diane did not provide any evidence that the Subject Property is one statutorily taxable - as required to be on the public business tax roll in the interest of agricultural lands, corporation premises or other pecuniary use as defined by Nebraska Revised Statutes.

52. The alleged Real Estate Transfer Statement [Form 521] ("Statement") cannot be related to Subject Property and Plaintiff's private right to "shelter" as it is applicable only for business use.

53. The alleged Statement is evidence of conversion of non-corporate, non-revenue related private "shelter" to taxable business use property known as statutorily-defined "real property" and "real estate" on the public record.

54. Private property exclusively for personal use is not subject to reporting requirements pursuant to 15 CFR § 806.8.

55. On July 8, 2022 on a visit to the DOUGLAS COUNTY Register of Deeds office, Plaintiff brought a notice to have recorded in order to correct the record.

56. Defendant Diane stated she needed to look through the notice before recording it and subsequently stated she would not record it because it was "common law documents."

57. Plaintiff asked Defendant Diane by what authority she was making this legal determination and Defendant Diane stated, "Because that's what I'm elected to do."

58. Although Diane confesses she did not read the documents, she made the legal determination to deny recording Plaintiff's notice.

59. Defendant Diane confesses to Plaintiff that she was making legal determinations related to Plaintiff's Subject Property.

60. Defendant Diane refused to record Plaintiff's notice due to making legal determination(s) and alleging that; Plaintiff's notice was a "common law document" and Plaintiff was

attempting to "extinguish different documents" because there was a "mortgage" on Plaintiff's Subject Property.

61. Defendant Diane admitted to determining this based on "the documents that are on file in this office."

62. Defendant Diane's job description does not include making legal determinations of Plaintiff's Subject Property.

63. Defendant Diane is required to maintain an accurate record, (pursuant to Neb. Rev. Stat. 84-1201).

64. Defendant Diane shall not neglect her duties when presented writings for recordings (pursuant to Neb. Rev. Stat. 23-1506).

65. Pursuant to Neb. Rev. Stat. 52-1604, "...all county clerks... shall be exempt from all personal liability as a result of any error or omission in providing information of such statutory liens **except in cases of willful misconduct or gross negligence.**"

66. The alleged document on file in the register of deeds office includes a forged "deed" which Plaintiff rebutted in writing to Defendant Diane.

### *The Deed Fraud by Forgery*

67. Whereas "deed" is defined; Neb. Rev. Stat. 76-203. "The term deed, as used in sections 76-201 to 76-281 and 76-2,126, shall be construed to embrace every instrument in writing by which any **real estate** or interest therein is created, aliened, mortgaged, or assigned or by which the title to any real estate may be affected in law or equity, except last wills and **leases** for one year or for a less time."

68. Whereas "deed" is executed; Neb. Rev. Stat. 76-211. "Deeds of **real estate**, or any interest therein, **in this state, except leases for one year or for a less time**, if executed in this state, must be signed by the grantor or grantors, being of lawful age, and be acknowledged or proved and recorded as directed in sections 76-216 to 76-237."

69. The Subject Property is not statutorily eligible, qualified through judicial determination for, nor pledged by an alleged original statutory mortgage deed and therefore the public record is evidence of a forgery.

70. A publication from the Federal Reserve Board titled "Interpreting the Federal Reserve Act" defined the term "**mortgage**" as a "**chattel mortgage**" in a 1917 Federal Reserve Bulletin, the board defined the term "**real property**" as meaning the book entry of "stocks and bonds" pledged by a banking *affiliate*, and so does the Security and Exchange Commission (SEC).

71. Pursuant to 12 U.S. Code §221a(b) the term "affiliate" shall include any corporation, business trust, association, or other similar organization.

72. A "chattel real" is a **leasehold of land** or in fee, the old term for fee, is fief. Leasehold on land in fief, dates back to time of kings in Europe when the crown would lease lands to a faithful crown servant as a "**sharecropper.**"

73. Pursuant to the Home Owners Loan Act of 1932 (HOLA) has the definition for "mortgage loan" at 12 U.S. Code § 1707 - Definitions (a)The term "mortgage" means (A) a first mortgage on real estate, in "fee simple," (B) a first mortgage on a leasehold on real estate (i) under a lease for not less than ninety-nine years which is renewable, or (ii)

under a lease having a period of not less than ten years to run beyond the maturity date of the mortgage.

74. The term "first mortgage" is restricted to an advance to a "member" or a memberbank, and the real estate is held in "fee simple" which is derived from the term "fief" meaning a "sharecropper tenant." The 1932-33 Act was amended in 1937, by the Bankhead Jones Farm Tenant Act.

75. Chattel real property, or municipal-owned and business-leased property is divided in lots and parcels which may be subject to a "state" or "municipal" foreclosure using eminent domain laws.

76. Occasionally, the **sharecropper** could apply for an advancement of funds, by executing a "**deed of trust**" not a "**trust deed**" and the creditor had a "lien" on the future crops. We find this same provision in the Bankhead-Jones Farm Tenant Act where a "Secured loan" means a financial obligation secured by a "chattel mortgage" which are the crops.

77. Numerous courts have ruled, there is no difference between a "deed of trust" and a "chattel mortgage," even HUD admits it and we find this same provision in Neb. Rev. Stat. 76-251.

78. Congress has informed the Supreme Court that the implementing regulations are listed in 12 C.F.R. 211 where we do not find any authority for any of the Defendants asserting any authority to act as a "trustee" allegedly "in this state" pertaining to private property. PART 211 — INTERNATIONAL BANKING OPERATIONS (REGULATION K) Act as "trustee," registrar, conversion agent, or paying agent with respect to any class of

"securities issued" to "finance foreign activities" and distributed solely "**outside the United States.**"

79. Pursuant to Neb. Rev. Stat. 76-235; "... Neither the certificate of the acknowledgment or the proof of any deed, nor the record or transcript of the record of such deed, shall be conclusive, **but may be rebutted**, and the force and effect thereof may be contested by any party affected thereby. If the party contesting the proof of a deed shall make it appear that such proof was taken **upon the oath of an interested or incompetent witness,** neither such deed nor the record thereof shall be received in evidence until established by other competent proof."

80. Wherefore the existence of a copy of an alleged deed on the public record is not irrefutable evidence of its validity and cannot be assumed so without admissible evidence from competent witnesses.

81. A Register of Deeds may withdraw documents from the record in which the instrument(s) are not required to be recorded under Nebraska law.

82. Correction is required of the public record upon rebuttal.

83. In regard to the authority to withdraw a document from the record, the fact is that the alleged deed is not entitled to be recorded:

   a.  the Subject Property must fit the statutory description of "real estate" in order to be mandatorily recorded;

   b.  the record is in err and must be corrected;

   c.  the record is rebuttable, was requested to be removed, and should be removed upon request – which is one's right.

84. Defendant Diane's intentional refusal is an act of negligence, incompetence or criminal intent.

85. Defendant's actions constitute an unlawful conversion, use of forgery, unlawful taking, invasion of privacy, abuse of office/official misconduct that causes Plaintiff damages which entitles Plaintiff to relief.

## VI: FACTS RELATED TO DEFENDANT SOUTHLAW

86. An unsigned letter dated June 8, 2022, from Defendant SouthLaw (hereinafter Debt Letter) uses a Disclaimer – as required by Fair Debt Collection Practices Act (FDCPA) when acting as a debt collector: "Pursuant to the FDCPA , 15 U.S.C. § 1692c(b), no information concerning the collection of this debt may be given **without the prior consent of the consumer** given directly to the debt collector or the express permission of a court of competent jurisdiction. The **debt collector** is attempting to collect a debt and any information obtained will be used for that purpose." [emphasis added]

87. Pursuant to 12 CFR Part 1006, Regulation F implements the Fair Debt Collection Practices Act (FDCPA), prescribing Federal rules governing the activities of debt collectors, as that term is defined in the FDCPA [Cf. 15 U.S.C.A. 1692 et seq].

88. According to Defendant SouthLaw's own notice, Defendant SouthLaw violates 15 U.S.C. § 1692c because the record does not reflect "prior written consent" of the alleged consumer or "the express permission of a court of competent jurisdiction" was given directly to this debt collector pursuant to 15 U.S.C. § 1692c(a) to communicate about any alleged debt.

89. The Debt Letter references the commerce-applicable action of foreclosure, presuming
    Plaintiff to be a public DEBTOR, TAXPAYER, MORTGAGEE.

90. Defendant SouthLaw makes unauthorized legal determinations in the Debt Letter that
    alleges Plaintiff owes a debt to the U.S. Government, stating that failing to contact the
    appraiser will "likely increase any future liability to the U.S. Government" and will not
    "prevent the foreclosure."

91. Defendant SouthLaw in the Debt Letter commits the unauthorized practice of law by
    making the legal determination that Plaintiff is a public DEBTOR by referencing the Fair
    Debt Collections Practices Act, 15 U.S.C. 1692c(b).

92. The alleged debt is supposedly related to a "mortgage debt" which is not conclusive and
    the force and effect thereof may be rebutted and contested by any party affected thereby
    pursuant to Neb. Rev. Stat. 76-235 and 76-236.

93. A deed is related to debt enforceable by FORECLOSURE and the definition of the term
    "mortgage" defined in 12 U.S.C. 1736 is from the HOLA meaning "secure advances" to
    a "member bank."

94. Common Trust Funds Administered by Banks and Trust Companies are restricted to
    Regulation F promulgated in 1937. Regulation F implements the Fair Debt Collection
    Practices Act (FDCPA) and is codified at 12 C.F.R. 206 and lists the "eligible securities"
    being restricted to the Bank for International Settlement (BIS), and the debtor being a
    member bank.

95. Pursuant to 12 U.S.C. § 632, the term "person" includes any individual, or any corporation, partnership, association, or other similar organization; where when the principle of ejusdem generis is applied – **all are legal entities**.

96. All legitimate mortgage transactions regulated by the banking laws of the state and the United States are between member bank affiliates, directors, executives and shareholders organized under title 12 U.S.C. §§ 614 and 615.

97. Pursuant to 12 U.S.C. §221a(b) the term "affiliate" shall include any corporation, business trust, association, or other similar organization.

98. The record does not reflect that Defendant SouthLaw or any agent, specifically Liliana, qualifies to be or was "hired" to be a trustee.

99. Any reference to an alleged deed or alleged assumption of authority granted thereby would be hearsay, not admissible evidence, and any copy thereof is a forgery since no alleged original exists.

100.   Plaintiff sent notice to Defendants SouthLaw and Liliana [on June 14, 2022 and August 8, 2022] to cease all communication and alleged debt collections.

101.   On or around July 5, 2022, Defendant SouthLaw had Subject Property published online with a status of "for sale" by public auction.

102.   Defendant SouthLaw postponed their alleged public auction "sale" twice, subsequently canceled it Sept. 30, 2022, and the listing was removed.

103.    The Defendant SouthLaw had the Subject Property published online for alleged

public auction, which caused harassment of multiple letters, texts and phone calls from

unknown persons to Plaintiff (pursuant to 16 U.S. Code § 1682d).

104.    These communications from unknown persons caused Plaintiff significant mental and

emotional distress.

105.    Plaintiff has an unalienable and unlienable dominion endowed by the Creator of all

and authority to pursue happiness, the right to life and property which includes the

necessity of housing.

106.    Defendant's actions are an unconstitutional exercise of Congress' powers under the

Commerce Clause of the United States Constitution.

107.    Defendant's actions constitute an unlawful conversion, forgery, unlawful taking,

invasion of privacy, and violations of the FDCPA that causes Plaintiff damages which

entitles Plaintiff to relief.

## VI: FACTS RELATED TO DEFENDANT LILIANA

108.    On or around June 2, 2022, a document recorded in the DOUGLAS COUNTY

register of deeds office under Defendant SouthLaw was titled, "APPOINTMENT OF

SUCCESSOR TRUSTEE" alleging Liliana E. Shannon was appointed as GRANTEE by

Plaintiff and U.S. Bank National Association. Whereas unknown agents Mark Adkins

(hereinafter "Agent 1") allegedly signed and Christina J. Gordon (hereinafter "Agent 2")

allegedly notarized it under the State of Kentucky.

109.    Whereas Defendant Liliana or SouthLaw has not provided evidence of a delegation of

authority given from Plaintiff to be "granted" such authority.

110.    Whereas the alleged "servicer" will not or cannot provide the evidence of record that
Defendant Liliana or SouthLaw was "hired" by the Board when requested by Plaintiff.

111.    The record does not reflect that Defendant Liliana or SouthLaw, qualifies to be or was
"hired" to be a trustee by the Board.

112.    On or around June 6, 2022, an alleged "NOTICE OF DEFAULT" ("Alleged Default")
was recorded in the Douglas County Register of Deeds office and signed by Defendant
Liliana acting as Nebraska State Bar Association (NSBA) member #22854 under
Defendant SouthLaw, and notarized by Stephanie Oliver, State of Nebraska General
Notary.

113.    Defendant Liliana states in the Alleged Default, "This.. is an attempt to collect a debt
and any information obtained will be used for that purpose." Defendant Liliana acts as a
debt collector by her own acts and confessions.

114.    "A communication related to debt collection does not become unrelated to debt
collection simply because it also relates to the enforcement of a security interest."; Bourff
v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

115.    Whereas a communication and "notice" seeking payment on a promissory note
secured by a mortgage as "an attempt at debt collection" is within the meaning of the
FDCPA.

116.    Defendant's actions constitute an unlawful conversion, forgery, unlawful taking,
invasion of privacy, and violations of the FDCPA that causes Plaintiff damages which
entitles Plaintiff to relief.

## COUNT 1: Forgery - Neb. Rev. Stat. 28-602

117.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

118.    This count is against all Defendants for knowingly and willingly uttering rebutted documents in such a manner that it purported to have been made by authority of one who did not give authority.

119.    Defendants County, Diane, SouthLaw and Liliana committed a Class III felony on the above-mentioned dates when they intentionally constructed and uttered fraudulent written instruments in such a manner knowingly and willingly that it purported to have been made by authority of one who did not give authority.

120.    Defendants County, Diane, SouthLaw and Liliana acted as though they had the judicial authority to issue a "judgment and lien" against Plaintiff and her property without any due process whatsoever.

121.    The record reflects neither a criminal nor civil case has ever been commenced against Plaintiff in this matter according to standard legal procedure and due process of law.

122.    As a direct result of the County's policy and practice, Defendants caused Plaintiff emotional, mental and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**COUNT 2: Violation of the Bill of Rights; The Fourth Article - Privacy Invasion**

123.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

124.    This count is against all Defendants for violating Plaintiff's rights by trespassing and intruding on Plaintiff's "place of solitude," private home, Subject Property.

125.    Defendant Diane trespasses by assessing and maintaining the Subject Property on a public tax roll without any record to support such assessment and maintenance after being noticed of the error of the record.

126.    Defendant Diane violates by making an arbitrary legal determination to not remove the Subject Property due to the false certification of an alleged public tax record.

127.    Because Defendant Diane was made knowing that there was an error on the record, had a duty to correct the record, and refused to perform her duties, it constitutes willful intent.

128.    The willful intent by Defendant Diane causes other public persons the opportunity to use private data elements to communicate, harass, and threaten Plaintiff, which would be highly offensive to a reasonable person.

129.    This trespass and intrusion by Defendants Liliana and SouthLaw were done by recording irrelevant documents for the purpose of administering and "selling" Plaintiff's Subject Property, which would be highly offensive to a reasonable person.

130.    This trespass and intrusion by Defendants Liliana and SouthLaw were done by listing Plaintiff's Subject Property for "public auction," for the purpose of Defendants profiting from, which would be highly offensive to a reasonable person.

131.    This trespass and intrusion causes Plaintiff's private data on display in public, for public use, (without due process of law) causing unknown public persons to intrude on Plaintiff's place of solitude, which would be highly offensive to a reasonable person.

132.    As a direct result of the County's policy and practice, Defendants caused Plaintiff emotional, mental and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### COUNT 3: Conversion

133.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

134.    This count is against Defendants County and Diane for violating Plaintiff's right by converting Plaintiff's private "shelter" and right to private "shelter" into a business privilege subject to being taxable/deedable, without due process of law.

135.    Plaintiff has a right to "shelter" and use of private property in order to live, which is namely the Subject Property.

136.    Defendant Diane converted Subject Property to statutorily-defined "real estate" which is inconsistent with the private property right of Plaintiff.

137.   Defendant Diane knowingly and willingly kept Subject Property in error on the public record after being noticed of the error by rebuttal, which proves intent.

138.   Due to the policy and practices of Defendant County, Defendant Diane participates in the error of private property not for commerce-use being converted to real estate.

139.   Since the error of the Subject Property maintained on the public record was not corrected when requested, Defendants SouthLaw and Liliana "appear" and attempt to administer Plaintiff's Subject Property using the uttered record.

140.   Defendant County and Diane created a system and custom to automatically convert private property used as shelter to corporate business premises for revenue purposes related to TAXATION.

141.   As a direct result of the County's policy and practice, Defendants caused Plaintiff damages in emotional, mental, and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## COUNT 4: Conversion

142.   Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

143.   This count is against Defendants SouthLaw and Liliana for violating Plaintiff's right by converting Plaintiff's private "shelter" and right to private "shelter," into a business opportunity for public auction, without due process of law.

144.    Defendant Liliana presents herself as acting as an alleged trustee, and under the virtue of the state by use of the Bar association number.

145.    The alleged "successor trustee" is irrelevant to Subject Property and Plaintiff's private right and use to "shelter."

146.    Plaintiff has a right to "shelter" and use of private property in order to live, which is namely the Subject Property.

147.    Defendants SouthLaw and Liliana converted Subject Property to "real estate" which is inconsistent with the private property right of Plaintiff.

148.    Defendants Liliana and SouthLaw were made knowing that the record does not reflect that Subject Property is used for commerce nor is "in this state."

149.    Defendant SouthLaw knowingly and willingly kept Subject Property listed online for "sale" at public auction even after being noticed of the error.

150.    Defendant Liliana and SouthLaw knowingly and willingly keep alleged "trustee" documents on the public record for the Subject Property even after being noticed of the error which proves their intent using the uttered record.

151.    As a direct result of the SouthLaw's practices, Defendants caused Plaintiff damages in emotional, mental, and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## COUNT 5: Conversion

152.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

153.    This count is against Defendants SouthLaw and Liliana for violating Plaintiff's right by converting Plaintiff's private "shelter" and right to private "shelter," into a business opportunity for public auction, without due process of law.

154.    Defendant SouthLaw and Liliana converted Subject Property to "real estate" which is inconsistent with the private property right of Plaintiff.

155.    Plaintiff has a right to "shelter" and use of private property in order to live, which is namely the Subject Property.

156.    Defendants Liliana and SouthLaw were made knowing that the record does not reflect that Subject Property is used for commerce and is not "in this state."

157.    On or around July 11, 2023, Defendant SouthLaw knowingly and willingly had Subject Property listed online again for "sale" at public auction even after being noticed of the error.

158.    Defendant Liliana and SouthLaw knowingly and willingly keep alleged "trustee" documents on the public record for the Subject Property even after being noticed of the error which proves intent using the uttered record.

159.    As a direct result of the SouthLaw's practices, Defendants caused Plaintiff damages in emotional, mental, and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## COUNT 6:

### Abuse of Office 25 CFR § 11.448 and Neb. Rev. Stat. 28-924. Official misconduct

160.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

161.    This count is against Defendant Diane for violating Plaintiff's rights by abuse of office by denying or impeding another exercising any right, privilege, power or immunity.

162.    This count is against Defendant Diane for violating Plaintiff's rights by official misconduct by knowingly violating "any statute or lawfully adopted rule or regulation relating to his official duties."

163.    As pursuant to Neb. Rev. Stat. 28-924. "(1) A public servant commits official misconduct if he knowingly violates any statute or lawfully adopted rule or regulation relating to his official duties."

164.    The statutes do not reflect that Defendant Diane may arbitrarily deny the correction of an error on the public record.

165.    Defendant Diane's dereliction allows Defendants SouthLaw and Liliana to further trespass Plaintiff's property rights.

166.    Defendant Diane aids in the administration of Subject Property and is a trespass by
        way of forgery, conversion, invasion of privacy and public taking.

167.    As a direct result of the County's policy and practice, Defendant caused Plaintiff
        emotional, mental, and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants
jointly and severally together with such further relief as the court may deem equitable and just
under the circumstances.

## COUNT 7:

**Violation of the Fifth Article of the Bill of Rights - unlawful taking; 42 U.S. Code 1983**

168.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general
        factual allegations.

169.    This count is against all Defendants for violating Plaintiff's rights by invading
        Plaintiff's constitutionally protected right by depriving Plaintiff of "property, without due
        process of law… private property was taken for public use, without just compensation."

170.    Due process - requires just compensation for - private property taken for public use as
        proclaimed by the Nebraska Constitution; "I-21. The property of no person shall be taken
        or damaged for public use without just compensation therefor."

171.    Because Subject Property is private and not for a corporate business use as a
        co-tenant with Douglas County or administering it for public purposes without just
        compensation violates the "Takings Clause" of the Fifth Article of the Bill of Rights.

172.    Defendant Diane's keeping of the Subject Property on the public record is a regulatory taking.

173.    Plaintiff's rights under the Fifth Amendment are enforceable under 42 U.S.C. § 1983.

174.    As administrators of the law that took an oath to uphold the Constitution of the United States and of the State of Nebraska, Defendants SouthLaw and Liliana know or should have known of the legal deficiency on the face of the document.

175.    Since the Subject Property is not the property described and defined under the statutory property code it is not subject to 'public auction.'

176.    Jurisdiction cannot be extended by implication beyond the plain language of the statute. [See Lane v. Pena, 116 S.Ct. 2092 (1996); United States v. Nordic Village, 503 U.S. 30 (1992). United States v. Michel, 282 U.S. 656, 659 (1931); Lynch v. United States, supra; United States v. Sherwood, supra; Honda v. Clark, 386 U.S. 484, 501 (1967); Dalehite v. United States, supra.]

177.    Defendant County's (as a political subdivision) failure to adequately train, supervise, and discipline its officers for administering property without right or just compensation led the individual Defendants Diane, SouthLaw and Liliana to administer the Subject Property.

178.    As a direct result of the Defendant County's policy and practice, Defendants caused Plaintiff's emotional distress, mental distress and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## COUNT 8: Violations of the 15 U.S. Code § 1692 FDCPA

179.    Plaintiff realleges and restates the foregoing jurisdictional allegations and general and specific factual allegations.

180.    This count is against Defendants SouthLaw and Liliana for violating Plaintiff's rights acting as a debt collector by violating the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et al (FDCPA) via communications and deceptive representation. Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1360–61 (S.D.Fla.2000) (quoting Sibley v. Firstcollect, Inc., 913 F.Supp. 469, 470 (M.D.La.1995)).

181.    Defendants SouthLaw and Liliana violated Plaintiff's rights by sending communications to Plaintiff – with Plaintiff being the object of alleged collection activity arising from alleged consumer debt that Defendants refer to as a "deed of trust" aka "mortgage."

182.    Defendants SouthLaw and Liliana acted as debt collectors as defined by the FDCPA, 15 U.S.C. § 1692 et al by sending communication in order to collect an alleged debt.

183.    Defendants SouthLaw and Liliana have engaged in acts prohibited by the FDCPA by not providing a record of express written consent by the consumer to communicate about any alleged debt pursuant to 15 U.S. Code § 1692c (a).

184.    The FDCPA also prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Importantly, the Act "does not ordinarily require proof of intentional violation and, as a result, is described... as a strict liability statute." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir.2010) (per curiam) (citations omitted).

185.   Further, a single violation of the statute is sufficient to establish civil liability. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir.1993) (citing 15 U.S.C. § 1692k).

186.   Defendants Liliana and SouthLaw use deceptive forms containing misleading representations of the legal status of an alleged debt (as pursuant to 15 U.S. Code § 1692e) by uttering forged documents.

187.   Defendants Liliana and SouthLaw know or should have known this prior to recording an irrelevant "Notice of Default" on the public record.

188.   Since there was no evidence of consent, Defendants' actions constitute harassment pursuant to 15 USC 1692d.

189.   As a direct result of the Defendant SouthLaw's policy and practice, Defendants caused Plaintiff emotional, mental and financial injury.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## VII.  DEMAND FOR A TRIAL BY JURY

Plaintiff hereby demands a trial by jury on any cause of action and claims with respect to which there is a right to a trial by a jury of Plaintiff's peers.

## IIX. RELIEF REQUESTED

Compensatory damages in the amount of $1,000,000.00. For the harm of this fiasco leading to anxiety and emotional stress due to the mental stress caused by the harassing letters and threats, calls, text messages, public humiliation, slander and libel of Plaintiff's good name. Plaintiff has

trouble sleeping and experiences deep waves of sadness, unrest, stress and anger due to anxiety. Plaintiff has nightmares of the private property and land given to Plaintiff by Almighty God, to be stolen by Defendants. This contributes to several hundreds of hours and thousands of dollars and much financial stress for Plaintiff who seeks counsel and various lawful defenses to Defendants' continuous harassment. Although no monetary value can erase past stresses upon Plaintiff's mental or physical health, it can at least alleviate the present ones caused by the Defendants' trespasses. Along with other loss, of which Plaintiff has missed out on precious, irreplaceable time and moments spent with offspring and relatives; missing out on sharing many fun and joyful life experiences since March 2022. This is due to the time and effort involved in almost every day, many hours a day, learning the law and how to keep public persons at bay from stealing the private place of solitude/living space where Plaintiff and Plaintiff's loved ones have lived for over twelve years. The Plaintiff is in emotional pain and mental anguish and has damages. Plaintiff's relationships have been damaged due to this fiasco by public persons.

A permanent injunction directing and ordering Defendants not to deposit unauthorized materials to Plaintiff's land without Plaintiff's expressed written consent or other valid authorization.

Ejectment of all documents referencing Defendants' alleged lien and title on Plaintiff's property from the Douglas County Register of Deeds office. Removal/correction of Subject Property from the public record. An award of such further and additional lawful and equitable relief as the Court deems just and proper.

## VERIFICATIONS

These words are true and faithful [Revelation 21:5] with good faith and good intent,

executed the __7th__ day of __August__ , year of our Lord and Savior two thousand

twenty-three, A.D.

All i say herein is true and will verify in open Court.

_(signature)_

By: Andrea M. Wike [Plaintiff/Affirmant]
c/o 19425 X Street
near Omaha, Nebraska republic
[without United States, not in FTZ 68135]

The Plaintiff/Affirmant is known to me, affirms the foregoing to be true and autographs this

before me:

Witness 1:

Dated: __August 7__ , 2023 A.D.          _(signature)_

By:    Raymond-charles Kelash          .

Witness 2:

Dated: __August 7__ , 2023 A.D.          _(signature)_

By:          Sharon-theresa Kelash          .

*Exhibit A p. 1 of 2*

## DOUGLAS COUNTY PUBLIC PROPERTIES LEASED PROPERTIES 2022

| Building/Use | Address | Lessor |
|---|---|---|
| Adult Probation Branch | 8303-05-07 Spring Plaza, Omaha, NE | MPI/Oak Plaza Inc |
| Adult Probation Branch | 8311 Spring Plaza, Omaha, NE | MPI/Oak Plaza Inc |
| Adult Probation Branch | 1821 N 73rd St, Omaha, NE | Ravi LLC |
| Adult Probation Branch | 4240 S 50th St, Omaha, NE | Chaladay Holdings |
| Community Mental Health Center | 1490 N 16th St Unit #2, Omaha, NE | CenterPointe |
| County Attorney Victim Assistance | 1905 Harney St, Omaha, NE | Applied Information Management |
| Election Commission | 12100 1/2 W Center Rd, Omaha, NE | 12100.5 West Center LLC |
| Health & Human Services | 1500 N 24th St, Omaha, NE | Twenty Fourth and Hamilton LLC |
| Health Dept | 735 N 120th St, Omaha, NE | New Moon Properties, LLC |
| Health Dept WIC | 1941 S 42nd St Ste #225 and Storage C1, Omaha, NE | The Center LLC |
| Juvenile Justice Center - 1723 Building (Juvenile Probation) | 1723 Harney St, Omaha, NE | Omaha Douglas Public Building Commission |
| Omaha Douglas Civic Center | 1819 Farnam St, Omaha, NE | Omaha Douglas Public Building Commission |
| Treasurer Branch | 411 N 84th St, Omaha, NE | 85th Street Associates |
| Treasurer Branch | 5724-5730 S 144th St, Omaha, NE | Omaha NE Commercial LLC |
| Treasurer Branch | 4202-4208 S 50th St, Omaha, NE | Chaladay Holdings |
| Treasurer Branch | 4606 N 56th St, Omaha, NE | 4606N56 LLC/White Lotus Group |

*Exhibit H p. 2 of 2*

## DOUGLAS COUNTY PUBLIC PROPERTIES (OWNED PROPERTIES) 2022

| | Building | Department/Use | Address | SQ. FT. | |
|---|---|---|---|---|---|
| **DOWNTOWN LOCATIONS:** | | | | | |
| 1 | Criminal Justice Center | Dept. of Corrections | 1709 Jackson Street, Omaha NE 68102 | 54,485 | |
| 1 | Criminal Justice Center | Dept. of Corrections | 508 S 17th St, Omaha NE 68102 | | Part of the criminal justice center |
| 1 | Criminal Justice Center | Dept. of Corrections | 1763 Jackson St, Omaha NE 68102 | | Part of the criminal justice center |
| 1 | Criminal Justice Center | Dept. of Corrections | 632 S 16th St, Omaha NE 68102 | | |
| 1 | Dot. Com Facility | Dot. Com | 408 S. 18th Street, Omaha NE 68102 | 38,580 | |
| 1 | Correction Center | Department of Corrections | 710 South 17th Street, Omaha NE 68102 | 343,812 | |
| 1 | Hall of Justice Facility | Hall of Justice | 1701 Farnam Street, Omaha NE 68183 | 343,812 | |
| 1 | Greyhound - Future Corrections | Public Property | 604 South 16th Street Omaha NE 68154 | 225,268 | |
| 1 | OHA Facility / Parking Lot | Public Property | 1805 Harney Street Omaha NE 68102 | 8,608 | |
| 1 | OHA Facility / Parking Lot | Public Property | 1810 Howard St, Omaha NE 68102 | 27,136 | |
| 1 | OHA Facility / Parking Lot | Public Property | 1820 Howard St, Omaha NE 68102 | | |
| **MIDTOWN LOCATIONS:** | | | | | |
| 1 | County Health Center | Health Center | 4102 Woolworth Ave, Omaha NE 68105 | 278,888 | |
| 1 | Warehouse Facility | Purchasing | 1225 South 40th Street, Omaha NE 68105 | 14,400 | |
| 1 | Youth Detention Center | Youth Center / Corrections | 1301 South 41st Street, Omaha NE 68105 | 68,500 | |
| 1 | Welfare Facility | State Welfare | 1101 S. 42nd Street, Omaha NE 68105 | 16,272 | |
| 1 | Welfare Facility | State Welfare | 1215 S. 42nd Street, Omaha NE 68105 | 20,302 | |
| 1 | Field Club Golf Course | Field Club | 3615 Woolworth Ave, Omaha NE 68105 | 65 Acres | |
| 1 | Field Club Golf Course | Field Club | 3915 Pacific St, Omaha NE 68105 | | Part of Field Club |
| 1 | Cooperative Extension Facility | Douglas / Sarpy Extension | 8015 W. Center Road, Omaha NE 68124 | 14,390 | |
| 1 | DC Offices / Warehouse | Several Depts. (BGA 60,000- Warehouse 4,848) | 4041 Pacific St / 1111 S 41st St, Omaha NE 68105 | 64,848 | |
| 1 | House | Eastern Nebraska Human Services Agency | 8316 Hillside Dr., Omaha, NE 68114 | 1,096 | |
| 1 | House | Group Home Care | 4883 S 51st St, Omaha, NE 68117 | 1,796 | |
| **WEST LOCATIONS:** | | | | | |
| 1 | Douglas County Garage | Department of Maintenance | 15445 West Maple Road, Omaha NE 68116 | 37,000 | |
| 1 | Engineers Facility | Engineers | 15905 West Maple Road, Omaha NE 68116 | 10,500 | |
| 1 | Sheriffs Facility | Boiler - Sheriffs property/evidence | 3601 North 156th St, Omaha NE 68116 | 5,400 | |
| 1 | Sheriffs 911 Facility | Sheriffs / 911 | 3601-03 North 156th Street, Omaha NE 68116 | 31,972 | |
| 1 | Sheriffs / 911 Tower Facility | Sheriffs / 911 | 156th & West Maple Rd, Omaha NE 68116 | 96 | |
| 1 | Thomas Fitzgerald Home | 911 - EM - ES - Dot Comm - Treasurer | 15333 West Maple Rd, Omaha NE 68116 | 133,000 | |
| 1 | CSI - K9 Facility (W Wing Fitz) | CSI - K-9 | 15345 West Maple Rd, Omaha, NE 68116 | 33,000 | |
| 1 | Fuel Recovery Facility | Fuel Recovery Building | 15601 & West Maple Rd, Omaha NE 68116 | 150 | |
| 1 | Old Landfill Property | Environmental Svcs | 12601 & State, Omaha NE (Old Landfill) | 160 Acres | |
| 1 | Old landfill Storage Facility | Environmental Svcs | 12601 & State, Omaha NE (Storage Bldg) | 3,500 | |
| 1 | Old landfill Scale House | Environmental Svcs | 12601 & State, Omaha NE (Scale House/ Fuel) | 912 | |
| 1 | Old landfill Scale House | Environmental Svcs | 12601 State St, Omaha, NE (Storage House) | | |
| | | | | | |
| 34 | Total Owners Property | | | 1,433,911 | |

# EXHIBIT 2

AT THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

*Andrea M. Wike*_____,    Case No. _CI 23 - 6290_
  Plaintiff,

vs.

*Douglas County*_____,    **SUMMONS (CIVIL)**
  Defendant.

Please issue Summons to be served with a copy of the Complaint by:

[ ] Sheriff of _____ County, NEBRASKA,

by personal or residence service.

[ ] Constable of _____ County, NEBRASKA.

by personal or residence service.

[ ] Designated delivery service _____.
                    *(pursuant to Neb. Rev. Stat. § 25-505.01)*

[X] Certified mail (return receipt requested)

```
#21      FILED
       District Court
DOUGLAS COUNTY, NEBRASKA
     AUG 0 8 2023
  CLERK DISTRICT COURT
```

NOTE: FILL OUT ONE FORM FOR EACH PERSON TO BE SERVED.

To:

_c/o Daniel Esch, acting County Clerk/Comptroller_
        *(name of person to be served)*

_1819 Farnam St. H08, Omaha, NE  68183_
        *(street address where person can be served)*

_Omaha, NE 68183_
        *(city and state where person can be served)*

Autograph: _Andrea M. Wike_    On this day: _August 8, 2023_

Printed Name: _Andrea M. Wike_

In care of address: _c/o 19425 X Street, near Omaha, Nebraska republic,_

Email address: _greetings andreamarie @gmail[without United States,_
                              _.com    not in FTZ 68135]_

*In lieu of: Nebraska State Court Form CC 3:31 NEW 09/2021.*
*Pursuant to Neb. Rev. Stat. § 25-502.01.*



002586408D01

# EXHIBIT 3

AT THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

*Andrea M. Wike*_____, Case No. *CI 23 6290*
        *Plaintiff,*

vs.

*Diane Battiato*_____.   **SUMMONS (CIVIL)**
        *Defendant.*

Please issue Summons to be served with a copy of the Complaint by:

[ ] Sheriff of _____ County, NEBRASKA,

by personal or residence service.

[ ] Constable of _____ County, NEBRASKA.

by personal or residence service.

[ ] Designated delivery service _____.

        *(pursuant to Neb. Rev. Stat. § 25-505.01)*

[X] Certified mail (return receipt requested)

```
#21      FILED
      District Court
DOUGLAS COUNTY, NEBRASKA

    AUG 0 8 2023

CLERK DISTRICT COURT
```

NOTE: FILL OUT ONE FORM FOR EACH PERSON TO BE SERVED.

To:

*Diane Battiato*_____
      *(name of person to be served)*

*15727 Polk Circle, Omaha, NE 68135*
      *(street address where person can be served)*

*Omaha, NE 68135*
      *(city and state where person can be served)*

Autograph: *Andrea T. Wike*, On this day: *August 8, 2023*

Printed Name: *Andrea M. Wike*

In care of address: *c/o 1942S X Street, near Omaha, Nebraska republic,*

Email address: *greetingsandreamarie@gmail.com [without United States, not in FTZ 68135]*

*In lieu of: Nebraska State Court Form CC 3:31 NEW 09/2021.*
*Pursuant to Neb. Rev. Stat. § 25-502.01.*



002586411D01

# EXHIBIT 4

AT THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

_Andrea M. Wike_____,   Case No. _CI 23 6290_____
                         *Plaintiff,*

vs.

_SouthLaw, P.C._____,        **SUMMONS (CIVIL)**
                         *Defendant.*

Please issue Summons to be served with a copy of the Complaint by:

[ ] Sheriff of _____ County, NEBRASKA,

by personal or residence service.

[ ] Constable of _____ County, NEBRASKA.

by personal or residence service.

[ ] Designated delivery service _____.

*(pursuant to Neb. Rev. Stat. § 25-505.01)*

[X] Certified mail (return receipt requested)

```
#21     FILED
        District Court
DOUGLAS COUNTY, NEBRASKA

    AUG 0 8 2023

CLERK DISTRICT COURT
```

NOTE: FILL OUT ONE FORM FOR EACH PERSON TO BE SERVED.

To:

_SouthLaw, P.C. c/o registered agent Liliana E. Shannon_
                    *(name of person to be served)*

_10855 West Dodge Road Ste. 250_
          *(street address where person can be served)*

_Omaha, NE 68154_
       *(city and state where person can be served)*

Autograph: _Andrea D M Wike_____  On this day: _August 8, 2023_

Printed Name: _Andrea M. Wike_____

In care of address: _c/o 19425 X Street, near Omaha, Nebraska republic,_

Email address: _greetings andreamarie@gmail.com [without United States,_
                                                  _not in FTZ 68135]_

*In lieu of: Nebraska State Court Form CC 3:31 NEW 09/2021.*
*Pursuant to Neb. Rev. Stat. § 25-502.01.*

```
002586414D01
```

# EXHIBIT 5

AT THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

_Andrea M. Wike_____,   Case No. _CI 23 6290_____
                  *Plaintiff,*

vs.

_Liliana E. Shannon_____,   **SUMMONS (CIVIL)**
               *Defendant.*

Please issue Summons to be served with a copy of the Complaint by:

[ ] Sheriff of _____ County, NEBRASKA,

by personal or residence service.

[ ] Constable of _____ County, NEBRASKA.

by personal or residence service.

[ ] Designated delivery service _____.

*(pursuant to Neb. Rev. Stat. § 25-505.01)*

[X] Certified mail (return receipt requested)

> #21   FILED
> District Court
> DOUGLAS COUNTY, NEBRASKA
> AUG 0 8 2023
> CLERK DISTRICT COURT

NOTE: FILL OUT ONE FORM FOR EACH PERSON TO BE SERVED.

To:

_____Liliana E. Shannon_____
*(name of person to be served)*

_____10855 West Dodge Road, Ste. 250_____
*(street address where person can be served)*

_____Omaha, NE 68154_____
*(city and state where person can be served)*

Autograph: _Andrea M. Wike_____ On this day: _August 8, 2023_

Printed Name: _Andrea M. Wike_____

In care of address: c/o 19425 X Street, near Omaha, Nebraska republic,

Email address: greetingsandreamarie@gmail.com [without United States, not in FTZ 68135]

*In lieu of: Nebraska State Court Form CC 3:31 NEW 09/2021.*
*Pursuant to Neb. Rev. Stat. § 25-502.01.*



002586417D01

# EXHIBIT 6

AT THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

*Andrea M. Wike* _____,    Case No. CI 23 6290
*Plaintiff,*

vs.

*Liliana E. Shannon* _____,    **SUMMONS (CIVIL)**
*Defendant.*

Please issue Summons to be served with a copy of the Complaint by:

[ ] Sheriff of _____ County, NEBRASKA,

by personal or residence service.

[ ] Constable of _____ County, NEBRASKA.

by personal or residence service.

[ ] Designated delivery service _____.

*(pursuant to Neb. Rev. Stat. § 25-505.01)*

[X] Certified mail (return receipt requested)

#21   FILED
District Court
DOUGLAS COUNTY, NEBRASKA
AUG 0 8 2023
CLERK DISTRICT COURT

NOTE: FILL OUT ONE FORM FOR EACH PERSON TO BE SERVED.

To:

*Liliana E. Shannon* _____
*(name of person to be served)*

*10855 West Dodge Road, Ste. 250* _____
*(street address where person can be served)*

*Omaha, NE 68154* _____
*(city and state where person can be served)*

Autograph: *Andrea M. Wike*    On this day: *August 8, 2023*

Printed Name: *Andrea M. Wike*

In care of address: *c/o 19425 X Street, near Omaha, Nebraska republic,*

Email address: *greetingsandreamarie@gmail.com [without United States, not in FTZ 68135]*

*In lieu of: Nebraska State Court Form CC 3:31 NEW 09/2021.*
*Pursuant to Neb. Rev. Stat. § 25-502.01.*

002586417D01

# EXHIBIT 7

| Image ID:<br>D00870514D01 | **SUMMONS** | Doc. No.   870514 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                NE 68183

Andrea M Wike v. Douglas County

Case ID: CI 23    6290

TO:  Douglas County

**FILED BY**
Clerk of the Douglas District Court
08/08/2023

You have been sued by the following plaintiff(s):

    Andrea M Wike

Plaintiff:              Andrea M Wike

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  AUGUST  8, 2023      BY THE COURT: *Crystal Rhoades*
                                          Clerk

COURT COPY

Image ID:
D00870514D01

**SUMMONS**

Doc. No.   870514

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

      Douglas County
      c/o Daniel Esch - Acting Cnty Clrk
      1819 Farnam St., H08
      Omaha, NE 68183

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

COURT COPY

Page 2 of 2

| SERVICE RETURN | Doc. No.    870514 |
|---|---|

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                      NE 68183

To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles            _____

    TOTAL                 $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                 _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Douglas County                    From: Andrea M Wike
    c/o Daniel Esch - Acting Cnty Clrk
    1819 Farnam St., H08
    Omaha, NE 68183

        COURT COPY

# ATTACH RETURN RECEIPT & RETURN TO COURT

# EXHIBIT 8

Image ID:
D00870515D01

**SUMMONS**

Doc. No.     870515

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

Andrea M Wike v. Douglas County

Case ID: CI 23      6290

TO:  Diane Battiato

**FILED BY**

Clerk of the Douglas District Court
08/08/2023

You have been sued by the following plaintiff(s):

    Andrea M Wike

Plaintiff:              Andrea M Wike

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  AUGUST  8, 2023      BY THE COURT: _Crystal Rhoades_____
                                              Clerk

        COURT COPY

Image ID:
D00870515D01

**SUMMONS**

Doc. No.   870515

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

      Diane Battiato
      15727 Polk Circle
      Omaha, NE 68135

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

COURT COPY

Page 2 of 2

| SERVICE RETURN | Doc. No.   870515 |
|---|---|

```
                    Douglas District Court
          1701 Farnam-Clerk of District Court
          1717 Harney-Separate Juvenile Court
          Omaha                 NE 68183
To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County
```

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage ____miles           _____

   TOTAL           $ _____

Date: _____   BY: _____
                                            (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Diane Battiato                      From: Andrea M Wike
    15727 Polk Circle

Omaha, NE 68135

        COURT COPY
```

ATTACH RETURN RECEIPT & RETURN TO COURT

# EXHIBIT 9

Image ID:
D00870516D01

**SUMMONS**

Doc. No.   870516

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha              NE 68183

Andrea M Wike v. Douglas County

Case ID: CI 23    6290

TO:  Liliana E Shannon

**FILED BY**

Clerk of the Douglas District Court
08/08/2023

You have been sued by the following plaintiff(s):

    Andrea M Wike

Plaintiff:              Andrea M Wike

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  AUGUST  8, 2023        BY THE COURT: _Crystal Rhoades_
                                            Clerk

COURT COPY

Page 1 of 2

Image ID:                   **SUMMONS**                Doc. No.    870516
D00870516D01

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

> Liliana E Shannon
> 10855 West Dodge Road
> Suite #250
> Omaha, NE 68154

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

COURT COPY

Page 2 of 2

| SERVICE RETURN | Doc. No.   870516 |
|---|---|

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles            _____

    TOTAL            $ _____

Date: _____     BY: _____
                                       (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                 _____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Liliana E Shannon                 From: Andrea M Wike
    10855 West Dodge Road
    Suite #250
    Omaha, NE 68154

        COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

# EXHIBIT 10

Image ID:
D00870517D01

## SUMMONS

Doc. No.    870517

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

Andrea M Wike v. Douglas County

Case ID: CI 23    6290

TO:  Southlaw PC

**FILED BY**
Clerk of the Douglas District Court
08/08/2023

You have been sued by the following plaintiff(s):

Andrea M Wike

Plaintiff:          Andrea M Wike

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  AUGUST  8, 2023      BY THE COURT:  _Crystal Rhoades_
                                                Clerk

COURT COPY

Page 1 of 2

Image ID:
D00870517D01

**SUMMONS**

Doc. No.   870517

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

      Southlaw PC
      c/o Liliana E. Shannon - Reg. Agent
      10855 West Dodge Road, Ste 250
      Omaha, NE 68154

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

COURT COPY

Page 2 of 2

| SERVICE RETURN | Doc. No.   870517 |
|---|---|

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha              NE 68183

To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage ____miles        _____

    TOTAL          $ _____

Date: _____   BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Southlaw PC                        From: Andrea M Wike
    c/o Liliana E. Shannon - Reg. Agent
    10855 West Dodge Road, Ste 250
    Omaha, NE 68154

        COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

# EXHIBIT 11



| SERVICE RETURN | | Doc. No. | 870514 |

Douglas District Court
1 Farnam-Clerk of District Court
7 Harney-Separate Juvenile Court
NE 68183
...ha

To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock ___M. I served copies of the Summons

upon the party: _____

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                          _____

Mileage ____miles        _____

    TOTAL               $ _____

Date: _____ . _____        BY: _____
                                                                 (Sheriff or authorized person)

#9   FILED
District Court
DOUGLAS COUNTY, NEBRASKA
AUG 2 4 2023
CLERK DISTRICT COURT

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail, *Douglas County*
TO THE PARTY: _____

At the following address: *1819 Farnam St. H08*

*Omaha, NE 68183*

_____

on the *9th* day of *August*            *2023*, as required by Nebraska state law.

                                                                    *Andrea M. Wike*

Postage $ *10.69*  By *Plaintiff*:  *Andrea M. Wike*
                        ~~Attorney for:~~

The return receipt for mailing to the party was signed on *August 14* , *2023*

To: Douglas County                              From: Andrea M Wike
    c/o Daniel Esch - Acting Cnty Clrk
    1819 Farnam St., H08
    Omaha, NE 68183

# ATTACH RETURN RECEIPT & RETURN TO COURT

USPS Tracking Intranet

Help

# Product Tracking & Reporting

UNITED STATES
POSTAL SERVICE

## USPS Tracking Intranet

### Delivery Signature and Address

**Tracking Number: 7021 2720 0002 7217 6000**

**This item was delivered on 08/14/2023 at 06:12:00**

< Return to Tracking Number View



Enter up to 35 Items separated by commas.

Select Search Type:     Quick Search     ▾     Submit

Product Tracking & Reporting, All Rights Reserved
Version: 23.4.1-f6a0ad1f

# EXHIBIT 12



## SERVICE RETURN

Doc. No.    870515

Douglas District Court
701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock __M. I served copies of the Summons

upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage ____miles        _____

    TOTAL               $ _____

Date: _____·_____        BY: _____
                                                     (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Diane Battiato_

At the following address: _15727 Polk Circle_

_Omaha, NE 68135_

on the _9th_ day of _August_ _2023_, as required by Nebraska state law.

Postage $ _10.69_   By Plaintiff: _Andrea M. Wike_
                    Attorney for: _Andrea M. Wike_

The return receipt for mailing to the party was signed on _August 12, 2023_

To: Diane Battiato                         From: Andrea M Wike
    15727 Polk Circle

Omaha, NE 68135

#9   FILED
District Court
DOUGLAS COUNTY, NEBRASKA
AUG 24 2023
DISTRICT COURT

## ATTACH RETURN RECEIPT & RETURN TO COURT

8/19/23, 12:53 PM                                USPS Tracking Intranet



Help

# Product Tracking & Reporting                    UNITED STATES POSTAL SERVICE

## USPS Tracking Intranet

### Delivery Signature and Address

**Tracking Number: 7021 2720 0002 7217 5997**

**This item was delivered on 08/12/2023 at 09:38:00**

< Return to Tracking Number View



Enter up to 35 items separated by commas.

Select Search Type:    Quick Search    ∨    [ Submit ]

Product Tracking & Reporting, All Rights Reserved
Version: 23.4.1-f6a0ad1f

https://pts-2.usps.gov/pts2-web/tcIntranetTrackingNumResponse/deliverySignatureAndAddress?deliveryDate=1691851080000&signatureLabelId=52...   1/1

# EXHIBIT 13



**SERVICE RETURN**

Doc. No.    870516

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha        NE 68183

To:
Case ID: CI 23    6290 Andrea M Wike v. Douglas County

Received this Summons on _August 14, 2023_ I hereby certify that on

_August 9_, 2023 at _12_ o'clock _P_M. I served copies of the Summons

upon the party: _Douglas County_

by _certified mail_    _7021 2720 0002 7217 6000_

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Liliana E. Shannon_
_10855 West Dodge Rd. Ste.250_
_Omaha, NE 68154_

9590 9402 8192 3030 1500 60

2. Article Number (Transfer from service label)
_7021 2720 0002 7217 5980_

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_Liliana Brown_    _8/14/2023_

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

_Liliana E. Shannon_

At the following address: ~~1819 Farnam St. #080 Omaha, NE 68183~~ _10855 W. Dodge Rd. Ste. 250 Omaha, NE 68154_

on the _9th_ day of _August_ _2023_, as required by Nebraska state law.

Postage $ _10.69_    By Plaintiff: _Andrea M. Wike_
~~Attorney for:~~

The return receipt for mailing to the party was signed on _August 14, 2023_

To: Liliana E Shannon          From: Andrea M Wike
    10855 West Dodge Road
    Suite #250
    Omaha, NE 68154

#9 FILED
District Court
DOUGLAS COUNTY, NEBRASKA
AUG 24 2023
CLERK DISTRICT COURT

**ATTACH RETURN RECEIPT & RETURN TO COURT**

# EXHIBIT 14

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Andrea M. Wike | Douglas County, Diane Battiato (individual capacity) Liliana E. Shannon (individual capacity) SouthLaw, P.C. |
| **(b)** County of Residence of First Listed Plaintiff   **Douglas County, NE** *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)* NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* Rodney W. Kleitsch (NE # 27528) Attorney for Defendants, Liliana E. Shannon and SouthLaw, P.C. SouthLaw, P.C. 1401 50th Street, Suite 100, West Des Moines, IA 50266 (515) 223-7325, ext. 362 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State  SouthLaw, P.C. | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [x] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | [ ] 340 Marine | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42 U.S.C. § 1983

Brief description of cause:
This matter arises from a dispute Deed of Trust recorded in Douglas County, Nebraska.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Joseph F. Bataillon          DOCKET NUMBER   22 CV 297 and 22 CV 355

DATE                                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.