IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA M. WIKE,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, DIANE BATTIATO, individual capacity; LILIANA E. SHANNON, individual capacity; and SOUTHLAW, P.C.,<br><br>Defendants. | 8:23CV397<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's second motion for preliminary injunction. Filing No. 21. For the reasons stated herein, the motion is denied.

I. **BACKGROUND**

Plaintiff, Andrea M. Wike, filed a complaint asserting claims of forgery, "Violation of the Bill of Right; The Fourth Article – Privacy Invasion," conversion, abuse of office/official misconduct, unlawful taking, and violation of the Fair Debt Collection Practices Act based on her property being subject to a non-judicial foreclosure sale. Filing No. 1-1 at 1, 24–34. She moved for a preliminary injunction, Filing No. 7, which the Court denied, Filing No. 11. Defendants, Douglas County, Diane Battiato, Liliana Shannon, and Southlaw, P.C., then moved to dismiss Wike's complaint. Filing No. 12; Filing No. 15. Wike subsequently filed an amended complaint. Filing No. 19.

The Amended Complaint adds defendants Francis E. Younes, Terah Younes, Jason C. Hubbard, and Jason Hubbard Law, P.C. Wike makes similar arguments to her first complaint to the effect that her property should not have been the subject of foreclosure proceedings. *Compare* Filing No. 1-1, *with* Filing No. 19. She states causes of action for conspiracy, identity theft, abuse of process, and violation of 42 U.S.C. § 1983. Filing No. 19 at 9.

1

Wike also filed a second motion seeking injunctive relief based upon the amended complaint. Filing No. 21 ("Verified Petition for Temporary Emergency Injunction"). In her second motion for preliminary injunction, Wike argues her property was improperly sold at auction because her property is not "real estate" as statutorily defined, is not within the state of Nebraska, there is no contract between Wike and defendants such as would subject her property to Nebraska state law, and "[t]here is no law to make private people 'homeless.'" Filing No. 21 at 8. She argues the Court should enjoin Defendants from entering her property to evict her. *Id.* at 9.

## II. ANALYSIS

### A. Motion for Preliminary Injunction

Wike has added new defendants in her amended complaint (Francis E. Younes, Terah Younes, Jason Hubbard, and Jason Hubbard Law P.C. L.L.O.). She seeks a preliminary injunction against both the new defendants and the previously named defendants (Douglas County, Diane Battiato, Liliana Shannon, and Southlaw, P.C.). Filing No. 21 at 1. Summons has been issued for the newly named defendants, but no proof of service has been filed nor have these defendants appeared in the action. Filing No. 20 (summons issued). "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). While the Court may issue a temporary restraining order without notice, it must first assess why notice has not been given and why injunctive relief without notice is warranted. Fed. R. Civ. P. 65(b). Wike has provided no explanation for the lack of service. Accordingly, based on the newly added defendants not yet being served with notice, the Court finds it cannot issue injunctive relief against them.

However, even if the newly named defendants had been given notice of the second motion for preliminary injunction, the Court determines it should not be issued against

them or against the previously named defendants. When evaluating whether to issue a preliminary injunction, a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant. *Roudachevski*, 648 F.3d at 701, 705.

Wike has failed to carry her burden under the *Dataphase* factors. As noted in the order denying her first motion for preliminary injunction, Wike has filed a prior lawsuit against the same defendants for attempting to foreclose on property due to her failure to pay on a loan secured by a deed of trust against the subject property. *See Wike v. Douglas County et. al*, 8:22CV355. In that case, the Court engaged in an extensive analysis on a motion to dismiss, ultimately concluding Wike failed to state valid claims upon which relief can be granted for a variety of reasons. *See* Filing No. 57, 8:22CV355 (order on motion to dismiss). Upon first blush, Wike's current lawsuit appears slightly different: she now alleges her property has been foreclosed upon (in the previous case, the foreclosure sale was imminent but had not yet occurred) and she has differently titled causes of action. However, the substance of her suit remains the same as the previous case: she asserts her property should not have been subject to non-judicial foreclosure and that Defendants' attempts to foreclosure and auction her property amount to unlawful acts which deprive her of her property rights. In addition to these issues being thoroughly addressed in the Court's prior order, Wike's filing of a second lawsuit based on the same

3

facts raises serious res judicata concerns. Thus, as to the probability of success on the merits, the Court finds Wike is not likely to prevail.

The harm to the defendants and the interest of the public also weighs against issuance of the injunction. Both defendants and the public have an interest in county officers performing their official duties, such as administering the non-judicial foreclosure proceedings Wike takes issue with. Additionally, the public and defendants have an interest in the finality of properly conducted legal proceedings. Given the previous litigation which determined Wike failed to state a claim upon which relief could be granted stemming from the same facts at issue here, this factor weighs strongly against issuing an injunction.

Lastly, as to the threat of irreparable harm to Wike, she claims she will be made homeless unless the Court enjoins the state proceedings relating to her property. While the Court does not doubt that the loss of her property is a serious consequence for Wike, in light of the unlikelihood of success on the merits and the defendants' and public's strong interest in finally and decisively resolving this issue, the preliminary injunction is not warranted.

### B. Motions to Dismiss

Defendants filed their motions to dismiss, Filing No. 12; Filing No. 15, as to Wike's first complaint, Filing No. 1-1. However, Wike thereafter filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) which permits a party to file an amended pleading "once as a matter of course." Accordingly, Defendants' motions to dismiss have been rendered moot by the amended complaint and are denied as such. However, Defendants may move to dismiss the operative amended complaint, Filing No. 19, should they so choose. The Court notes that no further amended complaints may be filed without the Court's permission. See Fed. R. Civ. P. 15(a)(2).

4

### III.   CONCLUSION

Wike has not met her burden of demonstrating a preliminary injunction is warranted.

IT IS ORDERED:

1. Plaintiff's, Andrea M. Wike's, second motion for preliminary injunction, Filing No. 21, is denied.

2. Defendants' motions to dismiss, Filing No. 12 and Filing No. 15, are denied as moot without prejudice to reassertion as to the amended complaint, Filing No. 19.

Dated this 17th day of October, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5