IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA M. WIKE,<br><br>          Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, DIANE BATTIATO, individual capacity; LILIANA E. SHANNON, individual capacity; SOUTHLAW, P.C., FRANCIS E. YOUNES, individual capacity; TERAH YOUNES, individual capacity; JASON C. HUBBARD, individual capacity; and JASON HUBBARD LAW P.C., L.L.O.,<br><br>          Defendants. | 8:23CV397<br><br>**MEMORANDUM AND ORDER** |

     This matter comes before the Court on the Defendants' motions to dismiss, Filing No. 23; Filing No. 24, Filing No. 26, and Plaintiff's motion for bill quia timet, Filing No. 33, motion to grant leave to amend amended complaint, Filing No. 48, and motion to prove authority, Filing No. 60. For the reasons set forth herein, the motions to dismiss are granted, Plaintiff's motions are denied, and Plaintiff is ordered to respond to Defendants' counterclaim.

**I.    BACKGROUND**

     This case arises out of the non-judicial foreclosure sale of property previously owned by plaintiff Wike. *See* Filing No. 19. Wike has filed three cases, including the present action, in an attempt to halt the sale or have the property returned to her. *See* 8:22cv297; 8:22cv355. As set forth in the prior cases, the property in question was encumbered by a deed of trust, and Wike failed to make payments when due under a loan secured by the deed of trust, prompting the non-judicial foreclosure sale. Case No.

1

8:22cv355, Filing No. 57 at 1. Defendant Liliana E. Shannon, employed at defendant SouthLaw P.C., was the successor trustee under the deed of trust on the property. Douglas County and Diane Battiato, the Douglas County Assessor, maintained the public tax and property records relating to the property. Defendants Francis Younes and Terah Younes purchased the property at auction and took possession of the property with the assistance of their attorney, defendant Jason Hubbard and his law firm, defendant Jason Hubbard Law, P.C L.L.O.

In the present action, Wike asserts a cause of action for "Conspiracy – Neb. Rev. Stat. 28-202, 18 U.S. Code § 241" against all Defendants, arguing they conspired to "steal" her property. Filing No. 19 at 9. She also alleges all Defendants committed "Identity Theft" by using her name in conjunction with the sale of the property. Filing No. 19 at 10–11. Third, she asserts a cause of action for abuse of process against the Youneses for undertaking action to remove her from the property following their purchase of it. Filing No. 19 at 12–13. Lastly, she asserts a cause of action under 42 U.S.C. § 1983 against Hubbard and the Younes defendants for depriving her of her right to property. Filing No. 19 at 13–15. She seeks compensatory and punitive damages in the amount of $1,000,000. Filing No. 19 at 13, 15. Her previous requests for injunctive relief were denied. Filing No. 11; Filing No. 22.

II. ANALYSIS

Defendants seek to dismiss the claims against them for failure to state a claim upon which relief can be granted. Filing No. 23; Filing No. 24; Filing No. 26. Additionally, the Youneses assert a counterclaim against Wike for slander of title and attorney's fees. Filing No. 25 at 3. They claim Wike sent an email to fifty-six recipients in which she

disparaged the Youneses' title to the property. Filing No. 26 at 3. Wike has also filed several miscellaneous motions. Filing No. 33; Filing No. 48; Filing No. 60. The Court addresses these matters in turn.

### A. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Conspiracy

Wike argues Defendants have engaged in a criminal conspiracy to "steal" her property via the nonjudicial foreclosure sale. Filing No. 19 at 9. However, Wike purports to bring her action under two criminal statutes, Neb. Rev. Stat. § 28-202 and 18 U.S.C. § 241. Private parties have no standing to enforce criminal statutes. *See Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000). Accordingly, Wike's claim for criminal conspiracy fails to state a cause of action upon which relief can be granted and is dismissed.

### C. Identity Theft

Wike also claims that Shannon and her law firm, SouthLaw, committed identity theft by using her name in conjunction with administering the deed and the property. Filing No. 19 at 11. As with her cause of action for conspiracy, identity theft is a criminal statute that Wike is without standing to enforce. *See* Neb. Rev. Stat. § 28-639 (setting forth the crime of identity theft). As such, her claim for identity theft is dismissed.

### D. Abuse of Process

Wike next argues that Francis Younes, Terah Younes, and their attorney Hubbard engaged in unlawful abuse of process. Filing No. 19 at 12–13. She asserts they unlawfully employed forcible entry and detainer to take possession of her property and make her homeless. Filing No. 19 at 12–13. Defendants counter that Wike fails to state a claim because they were the "bona fide purchaser of the Property." Filing No. 26 at 2. However, whether or not the Youneses properly purchased the property is a factual determination improper for resolution at the pleading stage. Rather, the Court finds Wike

fails to state a claim for abuse of process because she does not allege misuse of process to extort an improper collateral advantage.

"The two elements necessary to establish an action for abuse of legal process under Nebraska law are (1) the existence of an ulterior purpose and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. Specifically, Plaintiff must 'prove irregular steps taken under cover of the process after its issuance, and damage resulting therefrom.'" *Stagemeyer v. Cnty. of Dawson*, 192 F. Supp. 2d 998, 1010 (D. Neb. 2002) (quoting *Gordon v. Comty. First State Bank*, 587 N.W.2d 343, 351 (Neb. 1998)). "'Abuse of process' . . . means the perversion of it,—i.e., accomplishing some illegal object or purpose for which such process was not legally intended." *Gordon*, 587 N.W.2d at 351 (quoting *Vybiral v. Schildhauer*, 265 N.W. 241 (Neb. 1936)). "The purpose for which the process is used, once it is issued, is the only thing of importance." *Stagemeyer*, 192 F. Supp. 2d at 1010 (quoting *Prosser and Keeton on the Law of Torts* § 121, at 897). "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Id.* (quoting *Prosser and Keeton on the Law of Torts* § 121, at 898).

Here, Wike does not allege an improper use of process in order to coerce a collateral advantage on the part of the Youneses or Hubbard. Rather, she alleges they used process in order to force her from the property, an outcome she strongly dislikes and disagrees with. However, her removal from the property is not an improper use of the forcibly entry and detainer process, but rather its intended outcome. *See, e.g.*, Neb. Rev. Stat. § 25-21,220 (Nebraska statute setting forth the process for forcible entry and

detainer proceedings). Nor does Wike allege the Youneses and Hubbard employed the process in order to extort or coerce some other advantage from her; rather she claims they employed it to remove her from the land, the very purpose for which forcible entry and detainer was created. The fact that Wike does not think she should have been removed from the property does not convert the Youneses' and Hubbard's action into an abuse of process. Accordingly, Wike fails to state a claim upon which relief can be granted.

### E. 42 U.S.C. § 1983

Wike's final cause of action is pursuant to 42 U.S.C. § 1983 for deprivation of constitutional rights against the Youneses and Hubbard. Filing No. 19 at 13–15. Wike alleges these defendants violated her rights under color of law by depriving her of the right to use her private property. However, when bringing a § 1983 suit against a non-governmental entity, "a plaintiff must establish not only that [the] private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005). While Wike claims the Youneses were "acting in concert with other Defendants including . . . the County," she provides no facts in support of this assertion, nor does she make any other factual claims that would support that the Youneses and Hubbard were acting under color of state law. See *Lindenwood Female Coll. v. Zurich Am. Ins. Co.*, 61 F.4th 572, 574 (8th Cir. 2023) (stating the Court "need not give deference to conclusory allegations or bare legal assertions" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). Accordingly, Wike

has failed to state a claim upon which relief can be granted, and her claim under § 1983 must be dismissed.

### F. Wike's Additional Motions

#### 1. Motion for Leave to Amend

Wike seeks leave to amend her complaint. Filing No. 48. Though the district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy "an absolute or automatic right to amend" a deficient complaint. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Rather, a district court can deny a motion for leave to amend on the basis it would be futile, meaning an amended complaint would fail to state a cause of action. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

Wike has already been granted leave to file one amended complaint in this action which, as set forth herein, fails to state a claim. That, in conjunction with the two previously dismissed suits referenced above, leads the Court to conclude that further amendments would be futile. Accordingly, her motion to amend, Filing No. 48, is denied.

#### 2. Motion for Bill Quia Timet

Wike files what she terms a "motion for bill quia timet." Filing No. 33. In short, she seeks injunctive relief to keep the use of the property in question. Filing No. 33 at 2–3. "Literally meaning 'because he fears,' quia timet is '[a] legal doctrine that allows a person to seek equitable relief from a future probable harm to a specific right or interest.'" *Penn. Nat. Mut. Cas. Ins. Co. v. City of Pine Bluff*, 354 F.3d 945, 950 (8th Cir. 2004) (quoting Black's Law Dictionary 1260 (7th Ed. 1999)). Given the resolution of the motions to dismiss, the fact Court has twice denied Wike's previous requests for injunctive relief, and

because Wike seeks relief that is not entirely forward-looking (that is, the land has already been sold), the Court denies her motion for bill quia timet.

3. *Motion to Prove Authority*

Lastly, Wike files what she calls a "verified motion to prove authority and ratification of commencement." Filing No. 60 at 1. She seems to claim that the Defendants' attorneys are not authorized to represent them in this case. Defendants deny this allegation, Filing No. 61; Filing No. 62, and there is no legal basis for her motion. Accordingly, it is denied.

**G. Counterclaim**

Having concluded that Wike's causes of action must be dismissed, the Court is faced with what it should do with the Youneses' counterclaim for slander of title and attorney's fees.[1]

Wike initially filed this action in state court and Defendants removed it on the basis of federal question jurisdiction. Filing No. 1. The Court has concluded that the federal causes of action must be dismissed and accordingly must determine whether to continue to exercise jurisdiction over the remaining state-law counterclaim. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The factors the Court considers in deciding whether to remand a case in include judicial economy, convenience, fairness and comity. *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

---

[1] The basis for the request for attorney fees is unclear. The Court notes that federal courts follow the so-called American Rule which prohibits fee-shifting in most cases absent statutory or contractual authorization. *Lamb Eng'g & Const. Co. v. Neb. Pub. Power Dist.*, 103 F.3d 1422, 1435 (8th Cir. 1997).

Here, the Court has extensive familiarity with this case and its facts due to addressing numerous motions under this docket and in Wike's two previous cases. It finds it would be both most efficient, convenient, and fairest to retain jurisdiction over the counterclaim. Accordingly, the Court retains jurisdiction over the counterclaim and orders Wike to answer or otherwise respond to it within 21 days.

### III. CONCLUSION

The Court grants Defendants' motions to dismiss, denies Wike's various motions, and orders her to answer or otherwise respond to the Youneses' counterclaim within 21 days from the date of this Order.

Further, Wike is cautioned not to file any new claims or cases relating to the facts underlying this case. Any such filings are subject to potential summary dismissal prior to any response from the defendants on the grounds of res judicata and/or failure to state a claim. Wike is permitted to file documents in this case related to her defense of the counterclaim only.

IT IS ORDERED:

1. Defendants' motions to dismiss, Filing No. 23; Filing No. 24; Filing No. 26, are granted and Plaintiff's amended complaint is dismissed.

2. Plaintiff's motion for bill quia timet, Filing No. 33, is denied.

3. Plaintiff's motion for leave to amend, Filing No. 48, is denied.

4. Plaintiff's motion to prove authority, Filing No. 60, is denied.

5. Defendants Douglas County, Diane Battiato, Liliana E. Shannon, and SouthLaw, P.C., Jason C. Hubbard, and Jason Hubbard Law, P.C., L.L.O., are dismissed from the case.

6. Francis E. Younes and Terah Younes remain in the case as counter plaintiffs only.

7. Andrea Wike, as counter defendant, is ordered to answer or otherwise respond to the Counterclaim, Filing No. 26, within 21 days from the date of this Order.

Dated this 27th day of March, 2024.

>BY THE COURT:
>
>s/ Joseph F. Bataillon
>Senior United States District Judge