IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA M. WIKE,<br><br>        Plaintiff and Counter-Defendant,<br><br>vs.<br><br>FRANCIS E. YOUNES, individual capacity;<br>TERAH YOUNES, individual capacity;<br><br>        Defendants and Counter-Plaintiffs. | 8:23CV397<br><br>**MEMORANDUM AND ORDER** |

    This matter comes before the Court on Counter-Defendant Andrea Wike's various motions. Filing No. 66 (motion for reconsideration); Filing No. 68 (motion to dismiss Counter-Plaintiffs' counterclaim for failure to state a claim upon which relief can be granted); Filing No. 76 (motion for declaratory judgment); Filing No. 77 (motion for mandatory judicial notice). The Youneses have filed a motion for attorney fees. Filing No. 79. For the reasons stated herein, the Court denies all the motions.

    **I.    BACKGROUND**

    This case arose out of the non-judicial foreclosure sale of property previously owned by Wike and later acquired by Frank and Terah Younes. The case has an extensive history set forth at length in prior orders, *see, e.g.*, Filing No. 64, and cases, *see, e.g.*, 8:22cv355, which the Court need not repeat here. As is relevant to the present motions, the Court dismissed Wike's claims for failing to state legally cognizable causes of action. *Id.* at 4–8. The only remaining claim is therefore Francis and Terah Younes's counterclaim for slander of title. Filing No. 26 at 3 (counterclaim); Filing No. 64 at 9 (Court's prior order retaining jurisdiction over the state-law slander-of-title cause of action).

1

In their counterclaim, the Youneses allege that Wike falsely claimed she still owned the property at issue, even once it had been foreclosed upon and the Youneses became the rightful owners. Filing No. 26 at 2. They claim Wike "published in an email message [a false] deed to approximately 56 recipients" and that such statements "were brought for purposes of disparaging Younes' [sic] title to the property." *Id.* at 3. The Youneses seek "an award reimbursing [their] costs and attorney fees and any other damages suffered as a result of the Plaintiff's slander of title." *Id.*

II. ANALYSIS

A. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must

accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Motion to Reconsider

Wike first files what she terms an "objection and motion for reconsideration of order," apparently in reference to the Court's order dismissing her claims for failing to state valid causes of action. Filing No. 66. Under Federal Rule of Civil Procedure 60, the Court can provide relief from a final order for a variety of reasons, including mistake, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Wike does not provide a valid reason why the Court's prior order should be reconsidered. She uses her motion as an opportunity to reassert and reargue facts which are immaterial to the legal rulings the Court made. To the extent she takes issue with the Court's legal rulings, the Court finds no error in its prior determination that Wike's causes of action failed to state valid claims. *See* Filing No. 64 (Court's order explaining at length why Wike's causes of action were not viable). Accordingly, her motion to reconsider, Filing No. 66, is denied.

### C. Motion to Dismiss

Wike next moves to dismiss the Youneses' counterclaim for slander of title for failure to state a claim upon which relief may be granted. Filing No. 68 at 2. She argues that the Youneses did not lawfully obtain the property and that it remains rightfully hers. *Id.* In response, the Youneses "concede they have sustained no special damages by virtue of Wike's" slander of title, but have expended attorney's fees in defending this action for which they seek recovery." Filing No. 74 at 2.

Nebraska Revised Statute § 76-296 defines slander of title as follows:

> No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to real estate and in any action brought for the purpose of quieting title to real estate, if the court shall find that any person has filed a claim for the purpose only of slandering title to such real estate, the court shall award the plaintiff all the costs of such action, including attorney fees to be fixed and allowed to the plaintiff by the court, and all damages that plaintiff may have sustained as the result of such notice of claim having been filed for record.

Neb. Rev. Stat. § 76-296. The Nebraska Supreme Court has stated that, "[a]n action for slander of title is based upon a false and malicious statement, oral or written, which disparages a person's title to real or personal property and results in special damage." *Wilson v. Fieldgrove*, 787 N.W.2d 707, 711 (Neb. 2010) (citing *Norton v. Kanouff*, 86 N.W.2d 72 (Neb. 1957)).

The Youneses concede having suffered no damages apart from their attorney's fees incurred in the present litigation. The statute allows for the recovery of "costs" and "damages" after a valid cause of action has been found. Neb. Rev. Stat. § 76-296. The statute states that attorney's fees are part of costs. *Id.* The Nebraska Supreme Court has stated that the elements for slander of title are 1) a false, malicious statement and 2) "special damage." *Willson*, 787 N.W.2d at 711. The court did not explain the difference between its wording of "special damage" and the statute's wording of "damages" and "costs." In particular, the court did not address whether the "special damage" it requires as an element of slander of title is inclusive of or separately recoverable from the "costs . . . including attorney fees" allowed by the statute. If costs are separate from special damage, then the Youneses' cause of action would fail because they concede they have suffered no damages (just "costs") and therefore fail to meet an element of the claim. If costs are part of special damage, then the Youneses' claim can move forward as the attorney's fees would meet the required element.

4

It seems the latter interpretation is most likely the correct one. The term "special damage" is not defined in slander-of-title case law, but the Nebraska Court of Appeals has had occasion to define it in other contexts: "Special damages are the actual, but not the necessary, result of the injury complained of, and in fact follow it as a natural and proximate consequence by reason of some special circumstances or conditions." *Freeburg v. Artistic Woven Labels, Inc.*, No. A-96-808, 1997 WL 817831, at *6 (Neb. Ct. App. Dec. 23, 1997) (citing *Black's Law Dictionary* 392 (6th ed.1990)). The Restatement of Torts states that a pecuniary loss resulting from injurious falsehoods (such as slander of title) includes "the expense of measures reasonably necessary to counteract the publication, *including litigation* to remove the doubt cast upon vendibility or value by disparagement." Restatement (Second) of Torts § 633 (1977) (emphasis added). Courts in other jurisdictions have also routinely allowed attorney's fees as special damages in slander of title cases. *See, e.g.*, *Contra Costa Cnty. Title Co. v. Waloff*, 7 Cal. Rptr. 358, 363 (Cal. Ct. App. 1960) ("Actions for slander of title are analogous to malicious prosecution suits. Both are torts based on conduct calculated to result in litigation. To clear a slandered title is akin to defending an unfounded lawsuit. Both result in litigation that involves attorneys' fees and court costs. Attorney's fees necessarily paid therein are special damages."); *Lau v. Pugh*, 299 S.W.3d 740, 751 (Mo. Ct. App. 2009) (referring to attorney's fees in a slander of title case as a form of special damages); *Skyland Metro. Dist. v. Mountain W. Enter., LLC*, 184 P.3d 106, 132 (Colo. App. 2007) (finding attorney fees and costs in removing the cloud on title constitute special damages in a slander of title action); *IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283 (M.D. Fla. 2013) (holding attorney's fees in slander of title cases are considered special damages); *Weitz v. Green*, 230 P.3d 743 (Idaho 2010) (same).

5

Thus, it appears that the legislature's separate listing of "costs" and "damages" was intended to clarify that both were allowed, not to prohibit the former in cases where attorney's fees were incurred as the sole form of "special damage." Under this reading, the Youneses' counterclaim for attorney's fees, read in conjunction with its allegation of Wike's false deed and email to 56 recipients, states a valid cause of action for slander of title. To the extent Wike argues the Youneses were not legally entitled to the property, that is a factual question improper to address on a motion to dismiss.

D. Remaining Motions

In addition to her motion to reconsider and motion to dismiss, Wike also files what which she terms a motion for declaratory judgment, Filing No. 76, and a motion for mandatory judicial notice, Filing No. 77. In the motion for declaratory judgment, Wike asserts various arguments why she believes the property is rightfully hers. Filing No. 76 at 2–8. This question is inappropriate for resolution at this stage of the case and on the record available, and the motion is accordingly denied.

In the motion for mandatory judicial notice, Wike objects to the Magistrate Judge's previous order regarding her address in which he noted she must comply with all local and federal procedural rules. Filing No. 72. Wike appears to argue she is not subject to said rules. Filing No. 77 at 2–3. Wike is incorrect in this regard, *see* NEGenR 1.3(g) ("[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules."), and her motion is denied.

Lastly, the Youneses have filed a motion for attorney fees under Nebraska Revised Statute § 76-296, the previously referenced slander-of-title statute. Filing No. 79. As explained above, attorney fees are an element of the claim. It is premature to award them at the pleading stage of this case, and the motion is denied. However, the Youneses are free to

file a properly supported motion for summary judgment at the appropriate time should they deem it warranted.

### III. CONCLUSION

The Court denies Wike's various motions and denies the Youneses' premature request for attorney's fees. Accordingly,

IT IS ORDERED:

1. Andrea M. Wike's Motion to Reconsider, Filing No. 66, Motion to Dismiss, Filing No. 68, Motion for Declaratory Judgment, Filing No. 76, and Motion for Mandatory Judicial Notice, Filing No. 77, are denied.

2. Frank and Terah Younes's motion for attorney fees, Filing No. 79, is denied.

3. Andrea M. Wike shall answer the Youneses' Counterclaim within 21 days of the date of this order.

Dated this 20th day of December, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge